United States District Court
Southern District of Texas
**ENTERED**
August 13, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MFON NSEWO, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:23-CV-3452 |
| | § | |
| WILMINGTON TRUST, N.A., | § | |
| Defendant. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court in this wrongful foreclosure case is a motion to dismiss filed by Defendant Wilmington Trust, N.A. ("Wilmington"). Wilmington's motion (Dkt. 13) is **GRANTED**.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Mfon Nsewo ("Nsewo") filed this lawsuit in Texas state court in an attempt to stop Wilmington from foreclosing on a property that he owned. (Dkt. 1 at pp. 11–15). When Nsewo failed to stop the foreclosure, he amended his state-court pleading to assert claims for: (1) wrongful foreclosure; and (2) a judicial determination, under Section 51.004 of the Texas Property Code, of the fair market value of the property as of the date of the foreclosure sale. (Dkt. 1 at pp. 16–18). Wilmington removed the case to this Court under the federal diversity jurisdiction statute and has now filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Dkt. 1; Dkt. 13). Nsewo has not responded to Wilmington's motion.

## LEGAL STANDARD

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion filed under Federal Rule of Civil Procedure 12(b)(6) tests a pleading's compliance with this requirement and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A complaint can be dismissed under Rule 12(b)(6) if its well-pleaded factual allegations, when taken as true and viewed in the light most favorable to the plaintiff, do not state a claim that is plausible on its face. *Amacker v. Renaissance Asset Mgmt., LLC*, 657 F.3d 252, 254 (5th Cir. 2011); *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). As the Fifth Circuit has further clarified:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. This includes the basic requirement that the facts plausibly establish each required element for each legal claim. However, a complaint is insufficient if it offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action.
> *Coleman v. Sweetin*, 745 F.3d 756, 763–64 (5th Cir. 2014) (quotation marks and citations omitted).

In short, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

When considering a motion to dismiss, a district court generally may not go outside the pleadings. *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010). The court's review is limited to the complaint; any documents attached to the complaint; any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint; and matters subject to judicial notice under Federal Rule of Evidence 201. *Allen v. Vertafore, Inc.*, 28 F.4th 613, 616 (5th Cir. 2022); *George v. SI Group, Inc.*, 36 F.4th 611, 619 (5th Cir. 2022).

## ANALYSIS

In his live pleading, Nsewo asserts two causes of action: (1) wrongful foreclosure; and (2) a request for a judicial determination, under Section 51.004 of the Texas Property Code, of the fair market value of the property as of the date of the foreclosure sale. (Dkt. 1 at pp. 16–18). Nsewo has not pled sufficient facts to show that he is entitled to relief on either claim.

### —Wrongful Foreclosure

Nsewo has failed to state a claim for wrongful foreclosure. Under Texas law, to prevail on a claim for wrongful foreclosure, the plaintiff generally must plead and prove: "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the two." *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013). Moreover, a plaintiff seeking rescission of a foreclosure sale, as opposed to simply damages, must allege that he or she has tendered, or at least could have tendered, the full amount due and owing under the loan. *Smith v. Wells Fargo Bank, N.A.*, No. 3:12-CV-4633, 2013 WL 3324195, at *8 (N.D. Tex. June 28, 2013); *see*

*also Lambert v. First National Bank of Bowie*, 993 S.W.2d 833, 835–36 (Tex. App.—Fort Worth 1999, pet. denied) ("In order to be entitled to recission, Lambert was required to actually tender the amounts due. In other words, to get equity, Lambert had to do equity."). That said, the plaintiff does not have to show a grossly inadequate selling price if he or she is suing solely for damages and adequately alleges that the lender deliberately "chilled" the bidding at the foreclosure sale. *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 727 (5th Cir. 2013); *see, e.g., Charter National Bank—Houston v. Stevens*, 781 S.W.2d 368, 369–70, 374 (Tex. App.—Houston [14th Dist.] 1989, writ denied) (holding that there was "ample evidence of a chilling" when a jury found that the bank had promised, but failed, to provide notice of the foreclosure sale to a tenant of the foreclosed-on property who wanted to bid on it).

Nsewo's allegations, in their entirety, read:

> Defendant's failure to obtain an appropriate bid price due to the chilled bidding and to provide Plaintiff with proper notice of the foreclosure sale - the bid being far below the fair market value of the properties- constitute a wrongful foreclosure of Plaintiff's properties for which Plaintiff seeks redress from this Court in the form of a money judgment for damages against Defendant as well as an order setting aside the foreclosure.

Dkt. 1 at p. 17.

These conclusory allegations are inadequate to state a claim for either damages or rescission of the foreclosure sale. Nsewo does not plead facts showing how Wilmington chilled the bidding at the foreclosure sale, nor does he plead facts showing how the notice

of the foreclosure sale was improper. Furthermore, Nsewo does not provide the price for which the property sold at the foreclosure sale, much less plead facts showing that the price was grossly inadequate; and he does not allege that he has tendered, or at least could have tendered, the full amount due and owing under his loan. Accordingly, Nsewo's claim for wrongful foreclosure is dismissed.

### — Section 51.004 of the Texas Property Code

Nsewo has also failed to show that he is entitled to a judicial determination under Section 51.004 of the Texas Property Code of the fair market value of the property as of the date of the foreclosure sale. "Section 51.004 only applies if real property subject to a deed of trust or other contract lien is sold at a foreclosure sale under a court judgment ordering the sale and the price the property is sold for results in a deficiency." *Watson v. J.P. Morgan Chase Bank, N.A.*, No. 3:19-CV-2612, 2020 WL 3036658, at *4 (N.D. Tex. June 5, 2020) (quotation marks and ellipsis omitted); *see also* Tex. Prop. Code § 51.004(a). In this context, a "deficiency" results if the price for which the property is sold at the foreclosure sale is less than the unpaid balance of the indebtedness secured by the property. Tex. Prop. Code § 51.004(a). "Here, there are no facts to indicate that the foreclosure sale in question was a judicial foreclosure." *Watson*, 2020 WL 3036658 at *4. Moreover, there are no facts pled showing that the price for which the property sold resulted in a deficiency. Accordingly, "Section 51.004 is inapplicable to this case and [Nsewo] is not entitled to a determination of the fair market value of the property." *Id.*

## CONCLUSION

The motion to dismiss filed by Defendant Wilmington Trust, N.A. (Dkt. 13) is

**GRANTED**. This case is **DISMISSED WITHOUT PREJUDICE**.

SIGNED at Houston, Texas on August 13, 2024.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE